UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES D. FINLEY, 127441,

Plaintiff,

v.

CALIFORNIA TREATMENT FACILITY, et al.,

Defendant(s).

Case No. 25-cv-06754-CRB  (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

While plaintiff was in the custody of the California Department of Corrections and Rehabilitation (CDCR) and incarcerated at its Correctional Training Facility in Soledad, California (CTF), he filed a pro se complaint under 42 U.S.C. § 1983 alleging that CTF, California Correctional Health Care Services (CCHCS), LVN Catita Fraide and Does 1-10 have been deliberately indifferent to his serious medical needs by failing to follow medical orders and to provide timely medical care, and/or by failing/refusing to properly respond to a medical emergency. He seeks damages and declaratory and injunctive relief.

Plaintiff was subsequently transferred to the custody of the Arizona Department of Corrections, Rehabilitation & Reentry (ADCRR) and is currently incarcerated at its Arizona State Prison Complex in Yuma, Arizona (ASPC Yuma). In view of plaintiff's transfer to the custody of ADCRR, his claims for declaratory and injunctive relief are dismissed as moot and this action will be limited to his claims for damages.[1]

---

[1] When a prisoner is released from prison or transferred to another prison, and there is no reasonable expectation or demonstrated probability that he will again be subjected to the prison conditions from which he seeks declaratory/injunctive relief, as is the case here, the prisoner's claims for declaratory/injunctive relief may be dismissed as moot. See Dilley v. Gunn, 64 F.3d 1365, 1368–69 (9th Cir. 1995) (injunctive relief); Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012) (declaratory relief).

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Plaintiff alleges that on July 21, 2024, he suffered a "serious injury" to his left knee while playing softball at CTF Central Yard and was taken to Natividad Medical Center.  Compl. (ECF No. 1) at 4.  Dr. Nicholas George examined plaintiff at Natividad and expressed concern for a possible "ACL/MCL/meniscus injury" and ordered "an MRI, brace, and rest."  Id.  But despite receiving these recommendations on July 22, 2024, plaintiff alleges that "CTF and CCHCS medical staff failed to provide the MRI until September 9, 2024—a 50-day delay—and did not provide treatment, brace, or follow-up care."  Id.

Plaintiff further alleges that on October 16, 2024, he informed LVN Catita Fraide of "severe swelling in his leg" and explained that his orthopedic doctor had advised him to "seek care if such symptoms occurred."  Id.  But Fraide "mocked" him, stating, "You cry babies do this all the time," told him to "submit a medical form" to be seen, and "walked away after [p]laintiff declared "'man down.'"  Id.  "Several minutes later," another nurse "activated the emergency alarm" and plaintiff was sent to "CTF Triage," where Dr. Rios "referred [plaintiff] to Natividad Hospital."  Id.  At Natividad, plaintiff was diagnosed with a "large deep vein thrombosis (DVT) in

United States District Court
Northern District of California

his left leg" and a "pulmonary embolism in his right lung." Id. at 4-5.  According to plaintiff, "he likely would have suffered a stroke, heart attack, or death" if he had followed Fraide's instructions.  Id. at 5.

Plaintiff claims CTF, CCHCS, Fraide and Does 1-10 were deliberately indifferent to his serious medical needs by failing to follow medical orders and to provide timely medical care, and/or by failing/refusing to properly respond to a medical emergency.

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to a prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A medical need is serious if failure to treat it will result in "significant injury or the unnecessary and wanton infliction of pain." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citation and internal quotations omitted).  A prison official is "deliberately indifferent" to that need if he "knows of and disregards an excessive risk to inmate health." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official did not violate the Eighth Amendment, no matter how severe the risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

It is not enough that a prisoner-patient disagrees with prison medical authorities regarding treatment.  See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  To establish deliberate indifference on a claim involving choices between alternative courses of treatment, a prisoner-plaintiff must show that the course of treatment the prison doctor(s) chose was medically unacceptable under the circumstances and that he or she chose this course of treatment in conscious disregard of an excessive risk to plaintiff's health.  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).  A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment.  Id. at 1060.

Liberally construed, plaintiff's allegations that CTF and CCHCS medical staff failed to provide him the doctor-ordered MRI until September 9, 2024—a 50-day delay—and did not provide him the doctor-ordered brace or any follow-up care despite receiving Dr. George's orders/

United States District Court
Northern District of California

recommendations on July 22, 2024, suggest an arguably cognizable § 1983 claim for damages for deliberate indifference to serious medical needs. But plaintiff does not identify and name as a defendant in this action any individual CTF and/or CCHCS medical staff or connect them to his allegations of wrongdoing. Plaintiff only names CTF and CCHCS but he cannot proceed with a claim for damages under § 1983 against either CDCR entity because they are both immune from suit for damages under the Eleventh Amendment. See Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (state agencies such as CDCR entitled to 11th Amendment immunity); Jones v. Dep't of Corrs. & Reh., No. 25-cv-3157-CSK P, 2025 WL 3140680, at *2 (E.D. Cal. Nov. 10, 2025) (CCHCS part of CDCR entitled to 11th Amendment immunity); Diaz v. CDCR, No. 17-cv-0235-KJN P, 2017 WL 1079947, at *2 (E.D. Cal. Mar. 21, 2017) (CDCR, CCHCS and state prison entitled to 11th Amendment immunity). In order to proceed with a claim for damages under § 1983, plaintiff must identify and name individual CTF and CCHCS medical staff and connect them to his allegations of wrongdoing and show that each individual defendant's deliberate indifference was the "actual and proximate cause" of the deprivation of plaintiff's Eighth Amendment rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff will be provided with an opportunity to do so, if possible.

Plaintiff's allegations that Fraide told him to submit a medical care request form when he informed her of severe swelling and walked away after he declared "man down" are regrettable but not enough to state a deliberate indifference to serious medical needs claim. Deliberate indifference requires that Freide "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and that Freide "also draw the inference." Farmer, 511 U.S. at 837. Plaintiff's suggestion that Freide should have been aware of the risk rather than assume he was malingering or exaggerating his condition is not enough for an Eighth Amendment violation, no matter how severe the risk is. See Gibson, 290 F.3d at 1188. Plaintiff will be provided with an opportunity to allege a deliberate indifference claim against Freide, if possible.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order. The pleading must be simple and concise and must include

4

the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

Dated:  May 6, 2026

_____

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

5