United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. FINLEY, ADCRR #127441, Plaintiff, v. CATITA FRAIDE, LVN, Defendant(s). | Case No. 25-cv-06754-CRB (PR)<br>**ORDER OF SERVICE**<br>(ECF No. 18) |

Plaintiff, a prisoner at the Arizona State Prison Complex – Yuma in San Luis, Arizona (ASPC – Yuma), has filed a pro se First Amended Complaint (FAC) for damages under 42 U.S.C. § 1983 alleging that on October 16, 2024, while he was in the custody of the California Department of Corrections and Rehabilitation (CDCR) and incarcerated at its Correctional Training Facility in Soledad, California (CTF), LVN Catita Fraide was deliberately indifferent to his serious medical needs when she refused to activate emergency medical procedures for a medical emergency.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

United States District Court
Northern District of California

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

Plaintiff alleges that on July 21, 2024, he suffered a "serious injury" to his left knee during a softball game at CTF and was transported to Natividad Medical Center. FAC (ECF No. 18) at 3. Dr. Nicholas George examined plaintiff at Natividad and suspected "a serious ligament injury" (possibly involving the "medial collateral ligament") and ordered "an MRI and made medical recommendations" concerning plaintiff's knee injury. Id. But plaintiff continued to suffer "pain, swelling, instability, and limited mobility after returning to custody." Id,

On October 16, 2024, plaintiff attended a scheduled medical appointment at CTF. During the appointment, plaintiff informed LVN Fraide that his "left leg was painfully swollen and that something was wrong." Id. He further informed Fraide that medical providers had instructed him to "seek immediate medical care if swelling developed because of the risk of serious complications" and that he was requesting "immediate medical assistance." Id. But Fraide responded, "'You cry babies do this all the time,'" and instructed him to "fill out a routine medical request form and wait to be called for treatment." Id. Plaintiff informed Fraide that he was declaring a "'man down' medical emergency and asked that she activate emergency medical procedures." Id. Fraide refused, stating, "'I'm not telling them anything,' and walked away." Id. at 4. Fraide did not examine plaintiff's leg, take plaintiff's vital signs, or contact a physician. "Several minutes later," another nurse approached plaintiff and he explained his symptoms and Fraide's refusal to assist him. Id. The nurse activated emergency medical procedures and plaintiff was "evaluated in medical triage and transported to Natividad Medical Center." Id. At Natividad, an ultrasound revealed a "large deep vein thrombosis (DVT) in [p]laintiff's left leg" and a CT scan revealed a "pulmonary embolism (PE) in [p]laintiff's right lung." Id. Plaintiff was admitted to the hospital, prescribed Eliquis, an anticoagulant medication, and informed that "delayed medical intervention could have resulted in death, stroke, heart attack, or other serious bodily injury." Id.

United States District Court
Northern District of California

Plaintiff claims Fraide was deliberately indifferent to his serious medical needs when she refused to activate emergency medical procedures for this medical emergency.

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to a prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). A medical need is serious if failure to treat it will result in "significant injury or the unnecessary and wanton infliction of pain." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citation and internal quotations omitted). A prison official is "deliberately indifferent" to that need if she "knows of and disregards an excessive risk to inmate health." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but she "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official did not violate the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

It is not enough that a prisoner-patient disagrees with prison medical authorities regarding treatment. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish deliberate indifference on a claim involving choices between alternative courses of treatment, a prisoner plaintiff must show that the course of treatment the prison doctor(s) chose was medically unacceptable under the circumstances and that he or she chose this course of treatment in conscious disregard of an excessive risk to plaintiff's health. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. Id. at 1060.

Liberally construed, plaintiff's allegations that Fraide refused to activate emergency medical procedures for plaintiff despite knowing that plaintiff was suffering from severe leg pain and swelling and that prior medical instructions directed plaintiff to seek immediate medical attention if swelling developed due to risk of serious complications suggest an arguably cognizable § 1983 claim for damages for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Fraide and will be ordered served on her. See Farmer, 511 U.S. at 837.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The following defendant(s) shall be served:

a. Catita Fraide, LVN, at CTF.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative FAC (ECF No. 18), this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall file with the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon the filing of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. In order to expedite the resolution of this case, the court orders as follows:

a. No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming

United States District Court
Northern District of California

from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered

against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

d. Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

e. The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to

defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: July 23, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California